Filed 6/8/15  P. v. Pillors CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

<u>COPY</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DARNELL MAURICE PILLORS,<br><br>    Defendant and Appellant. | C077045<br><br>(Super. Ct. No. 14F03071) |

Following defendant's plea of no contest to making criminal threats while personally armed with a knife, and admitting having a prior strike conviction, the trial court sentenced defendant Darnell Maurice Pillors to an agreed term of three years eight months in prison.  Defendant's appointed counsel has asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.  We provide the

1

following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

BACKGROUND

On May 8, 2014, a complaint was filed alleging defendant had made a criminal threat while personally using a knife. (Pen. Code, §§ 422, 12022, subd. (b)(1).)[1] The complaint also alleged misdemeanor offenses for unlawful use of force or violence and unlawfully exhibiting a deadly weapon in a threatening manner. (§§ 243, subd. (e)(1), 417, subd. (a)(1).) It was further alleged that defendant had two prior strike convictions. (§§ 667, subd. (e)(2)(c), 1170.12, subd. (c)(2)(C).)

On June 19, 2014, defendant accepted the district attorney's offer admitting the threat, the personal arming enhancement, and one of the prior strikes. In exchange for his plea, the misdemeanors and the second prior strike were dismissed and it was agreed defendant would receive the low term of 16 months, doubled, and an additional year for the enhancement. The court imposed sentence the same day in accordance with the agreement, resulting in an aggregate term of three years eight months in state prison. It also imposed various fines and fees and awarded defendant 89 days of presentence conduct credit.

The record does not contain a detailed recitation of the facts underlying defendant's offense. The factual basis for the plea, which defendant accepted, was described as follows:

"About May 6, 2014, in the County of Sacramento of the State of California, the defendant, Darnell Maurice Pillors, did commit a felony violation of Section 422 of the Penal Code in that defendant willfully and unlawfully threatened to commit a crime

_____

[1] Undesignated statutory references are to the Penal Code.

which would result in death and great bodily injury to Amy Doe, with the specific intent that the statement be taken as a threat.

"It's further alleged that the threatened crime on its face and under the circumstances in which it was made was so unequivocal, unconditional, immediate, specific as to convey a gravity of purpose and an immediate prospect of execution.

"It's further alleged that the victim, Amy Doe, reasonably sustained fear for her safety and/or the safety of her family.

"It's further alleged that in the commission of the crime, the defendant, Darnell Maurice Pillors, did personally use a deadly and dangerous weapon, specifically a knife."

Defendant's prior strike offense, to which he admitted, is his November 16, 1998, conviction in Contra Costa County for robbery.

Defendant appeals. He did not obtain a certificate of probable cause. (§ 1237.5.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                                                    RENNER              , J.

We concur:

 BLEASE             , Acting P. J.

 MAURO             , J.